```
FILED
CLERK

9/27/2012 2:57 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RORY DOLAN,

                          Petitioner,

           -against-

JOHN J. DONELLI,

                          Respondent.
----------------------------------------X

ORDER
06-CV-5891(JS)(ETB)

APPEARANCES
For Petitioner:   Rory Dolan, pro se
                  95-A-2656
                  Fishkill Correctional Facility
                  P.O. Box 1245
                  Beacon, NY 12508

For Respondent:  Anne E. Oh, Esq.
                  Suffolk County District Attorney's Office
                  200 Centre Drive
                  Riverhead, NY 11901

SEYBERT, District Judge:

      On December 30, 2010, the Court dismissed pro se Petitioner Rory Dolan's habeas petition (the "December Order"). Pending now is Petitioner's motion under Federal Rule of Civil Procedure Rule 60(b) to vacate the December Order. (Docket Entry 53.)[1] For the following reasons, Petitioner's motion is DENIED.

## DISCUSSION

      The Court addresses Petitioner's contentions in order. He first argues that the Court erred in not notifying him that

---

[1] Respondent has not filed an opposition to Petitioner's motion.

1

his application to file a supplemental memorandum of law in support of his petition had been granted. (Pet. Mot. 4.) Assuming for argument's sake that Petitioner was not notified of the Court's Order granting him leave to file a supplemental brief (see Unnumbered Docket Entry dated September 29, 2010 (granting Petitioner's request but not directing the Clerk's office to mail Petitioner an updated docket sheet)), this error does not warrant vacatur of the December Order because Petitioner has not demonstrated that he was entitled as a matter of right to submit additional argument. He filed a petition and, later, a memorandum of law in support. He has not provided authority showing why he had an inviolable right to amplify his argument approximately two years after he filed his memorandum of law.

Petitioner also argues that the Court improperly denied him an evidentiary hearing. (Pet. Mot. 6.) This does not warrant relief because his conclusory assertion that he "clearly demonstrated" that there were disputes of material fact fails to show how, exactly, the Court could not resolve his petition with reference solely to the state court record. See Schriro v. Landrigan, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007).

Petitioner also points to a number of facts that he says the Court got wrong in the December Order. The Court

assumes, without deciding, that Petitioner's view of the facts is correct. Petitioner concedes that the mistakes "may seem considered on [their] own to be harmless" (Pet. Mot. 10), and the Court rejects Petitioner's argument that, taken in the aggregate, the errors call into question the wisdom of the Court's ultimate decision. Accordingly, Petitioner is not entitled to relief on this ground.

Next, Petitioner argues that the Court erred in rejecting his argument that he was deprived the opportunity to testify in his own defense at his second trial. The December Order treated this argument in depth (see December Order 10-15), and a Rule 60(b) motion is not an opportunity to re-litigate past arguments, e.g., Competex, S.A. v. Labow, 783 F.2d 333, 335 (2d Cir. 1986).

## CONCLUSION

For the foregoing reasons, Petitioner's motion is DENIED. The Clerk of the Court is respectfully directed to mail Petitioner a copy of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: September __27__, 2012
        Central Islip, New York